## JACKSON *vs.* DINKINS.

[APPEAL FROM ORDER GRANTING MANDAMUS.]

1. *County, claims against ; what must be allowed by commissioners court.* A jury certificate is not such an authenticated claim against the county as may be paid by the county treasurer without the previous allowance of the commissioners court.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. J. Q. SMITH.

THE proceedings in this case were instituted in the circuit court by Dinkins, the appellee, by a petition for *mandamus*, against the appellant, as the county treasurer of Montgomery county, to compel him to pay a jury certificate.

At the January term, 1869, Dinkins was regularly summoned, drawn and sworn as a petit juror, and served as such for five days. He received from the clerk a regular certificate in due form, certifying that he was entitled to receive for his services and mileage the sum of $7.90. This certificate Dinkins presented to Jackson, the county treasurer, and demanded its payment. Jackson admitted that he had funds to pay jurors, as such, for their services when properly audited, but refused to pay the jury certificate, because Dinkins presented no authority or warrant from the probate judge, as *ex-officio* judge of the court of county commissioners, for the payment of said claim. Jackson

having waived the issue of a rule *nisi*, &c., the court granted a peremptory *mandamus*, in accordance with the prayer of the petition, and hence this appeal.

A. J. WALKER, and HAMILTON McINTYRE, for appellant.
1. It is, beyond dispute, the *general* rule of law in this State, that " *all claims* " chargeable against a county, (unless specially excepted by statute,) must first be " *audited, examined and allowed* " by the court of county commissioners; and the judge of probate must give the " claimant a *warrant* on the county treasurer " for the same, before the county treasurer is authorized to pay.—Rev. Code, § 832, subd. 3 ; §§ 907, 926.

2. Is a " juryman's certificate" claim excepted from the above general rule by any law of Alabama ?

Shall the fact that it is the custom in *some* counties for county treasurer's to pay such claims before they are " audited, examined and allowed " and warrants issued therefor, be permitted to overturn the only means provided by law to prevent collusion and fraud from being practised by dishonest clerks and their confreres upon the public treasuries ?

Does the fact that the last clause of section 4345 of the Revised Code, (in these words, to-wit : " *Which certificate is receivable in payment of any county dues,* and payable out of the county treasury,") requires a juryman's certificate to be received by the treasurer of a county in payment of any dues, make such claim an exception to the general rule ? It is a well settled rule, that two statutes, *in pari materia*, must be construed together, and both given effect. Will not this rule be violated whenever a county treasurer is allowed to pay a juryman's certificate before it is audited, examined, and a warrant issued therefor ?

It is true, the words " receivable in payment of *any* county dues," would seem to give these certificates a sort of circulatory or current character, inconsistent, perhaps, with the scrutiny and delay to which they are subjected when "audited and examined " by the commissioners court. Yet, are not " warrants " equally as current, perhaps more so

than a mere certificate unapproved by the proper authority ?

But, be that as it may, the clause in these words, "receivable in payment of *any* county dues," was repealed, and still stands so, as to Montgomery county, and therefore can not be considered in this cause, because taxes and licenses were, and are, the only dues payable to the county. See Acts of 1868, p. 253, section 2 of "An act to empower the commissioners court of Montgomery county to issue bonds," &c.

CHILTON & THORINGTON, *contra.*

B. F. SAFFOLD, J.—Is a jury certificate such a claim against the county as may be paid by the county treasurer without the previous allowance of the commissioners court ? There would be no difficulty in the question, were it not for the provision in section 4345 of the Revised Code, making them receivable in payment of county dues. The certificate of the clerk is not an adjudication by any court of the correctness of the claim and the liability of the county. Unless its receivability in payment of county dues is inconsistent with its presentation to the commissioners court, it must be presented and allowed before the treasurer is authorized to pay it, because all claims against the county must be adjudicated by some competent judicial tribunal before they can be paid.—Rev. Code, §§ 926, 907 ; *Dale County v. Gunter*, January term, 1871. Upon the allowance of a claim by the commissioners court, the probate judge is required to give the claimant a warrant upon the treasury for the amount allowed.—Rev. Code, 907. Claims so allowed necessarily become merged in the warrant, if it be taken, otherwise, there would be two vouchers for the same debt. But suppose the claim is a jury certificate, and the complainant prefers to retain it in order to settle with the tax collector. There is no prohibition against his doing so, and thus its capability of paying county dues is undiminished ; his choice of using it either way is unimpaired.

The inference against the necessity of presentation and allowance authorized by section 4345, is at least neutralized by the contrary one that may be drawn from the "Form of keeping County Treasurer's Accounts," on page 259 of the Revised Code, which is a law. There the "Register of Claims" contains a jury certificate with the date of its allowance.

Ample redress is provided against the treasurer, if he fails to pay on demand an allowed claim.—Revised Code, § 930.

The judgment is reversed, but the cause is not remanded. The appellee will be charged with the costs of this court and of the circuit court.